

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00744-CR

Marshall Hondo **RILEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 18-10-166-CRW
Honorable Russell Wilson, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: October 28, 2020

AFFIRMED

After the trial court denied his motion to suppress, Marshall Hondo Riley pled nolo contendere to theft of property equal to or greater than $2,500 but less than $30,000 and was sentenced to nine months in jail. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). On appeal, Riley asserts the trial court erred by denying his motion to suppress. We overrule Riley's sole issue and affirm the trial court's judgment.

**BACKGROUND**

The trial court held a hearing on Riley's motion to suppress. Wilson County Sheriff's Deputy Gary Lee Laughlin was the only witness to testify. Deputy Laughlin testified the Sheriff's Office received a report from Margaret and Alex Sonnier that their relative, Riley, had brought home "some suspicious property and stuff." The Sonniers owned approximately two acres of land and Riley was at the time living in a trailer on their land. Approximately one week after the Sonniers' call, Deputy Laughlin received information that a truck was missing from an equipment rental company in Floresville, Texas and that the truck may have been spray-painted black and may be located within Wilson County.

Deputy Laughlin testified that he suspected the suspicious items reported by the Sonniers may have been related to the missing truck. Deputy Laughlin went to the property to investigate. From the public road, he saw a spray-painted truck that he suspected was the stolen vehicle. The vehicle was located on a gravel road running the length of the Sonniers' property. Upon entering the property, Deputy Laughlin obtained written consent from Ms. Sonnier to search the property, and with the assistance of other deputies, verified the stolen truck from its vehicle identification number. The deputies then searched the Sonniers' property surrounding Riley's trailer and located a stolen motorcycle frame. The trial court made findings consistent with Deputy Laughlin's testimony regarding the location of the stolen vehicle and motorcycle frame in relation to the Sonniers' property and denied Riley's motion to suppress. Thereafter, Riley entered a plea of no contest, and the trial court found Riley guilty of misdemeanor theft and assessed punishment of confinement in jail for nine months. *See id.* Riley appeals.

**MOTION TO SUPPRESS**

In his sole issue, Riley contends the trial court erred by denying his motion to suppress because Deputy Laughlin did not have a warrant to search the areas surrounding Riley's trailer.

The State responds that Riley did not have standing to object to the search because he did not have a reasonable expectation of privacy beyond the curtilage of his home, and the property owners had given consent to search their property.

We address first whether the areas searched by the deputies are considered curtilage of Riley's home to which Riley held a reasonable expectation of privacy requiring a search warrant.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "Although we give almost total deference to the trial court's determination of historical facts, we conduct a *de novo* review of the trial court's application of the law to those facts." *Love v. State*, 543 S.W.3d 835, 840 (Tex. Crim. App. 2016) (internal quotation omitted). "Mixed questions of law and fact that do not turn on credibility and demeanor are reviewed *de novo*." *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011) (per curiam). As an appellate court, we will affirm the trial court's ruling if "it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory." *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016).

### B. Applicable Law

The Fourth Amendment to the United States Constitution guarantees people the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV.[1] The protection hinges on whether a person has an objectively reasonable expectation of privacy in the thing or place subject to search. *Oliver v. United States*, 466 U.S. 170, 177 (1984). A person has a reasonable expectation of privacy not only in his home, but also

---

[1] Although Riley cited provisions from both the United States Constitution and the Texas Constitution in his written motion to suppress, he failed to argue before the trial court, or brief to this court, any error under the Texas Constitution. Accordingly, we will apply only federal law in analyzing appellant's complaint. *See Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993).

in the curtilage of his home. *Id.* at 180. "Curtilage" is defined as "the area around the home to which the activity of home life extends." *Id.* at 182 n.12.

In determining whether a particular area belongs to the home's curtilage, the reviewing court considers the following factors: (1) the proximity of the area claimed to be curtilage to the home; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation from people passing by. *United States v. Dunn*, 480 U.S. 294, 301 (1987); *Cooksey v. State*, 350 S.W.3d 177, 183–84 (Tex. App.—San Antonio 2011, no pet.). Even when an area is considered to be the curtilage of a home, a person does not always have a reasonable expectation of privacy in the area if the person fails to manifest an intention to restrict access to these pathways—such as by erecting a locked gate or posting "no trespassing" signs. *See, e.g.*, *Pool v. State*, 157 S.W.3d 36, 41–42 (Tex. App.—Waco 2004, no pet.) (noting the presence of a partial fence and "no-trespassing" sign off a private road were indications that an individual was attempting to protect his backyard and make it his "curtilage"); *Nored v. State*, 875 S.W.2d 392, 397 (Tex. App.—Dallas, 1994, writ ref'd) (holding the police did not violate a homeowner's reasonable expectation of privacy by entering a closed, but unlocked, gate because the homeowner had not posted "no trespassing" signs).

When a search without a warrant is executed, the State bears the burden to show that the search falls within one of the narrow exceptions to the warrant requirement in order for the search to be constitutionally permissible. *Mendoza v. State*, 30 S.W.3d 528, 531 (Tex. App.—San Antonio 2000, no pet.) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). An exception to the warrant requirement is a search conducted by consent. *Id.* To show that the search was made with the property owner's consent, the State must prove by clear and convincing evidence, based on the totality of the circumstances, that consent was freely and voluntarily given. *Id.* Consent

may be given orally or through actions and may be proven with circumstantial evidence. *State v. Weaver*, 349 S.W.3d 521, 526 (Tex. Crim. App. 2011). Where the consent of a third party is relied upon, the third party must possess common authority over the premises or effects sought to be inspected. *United States v. Matlock*, 415 U.S. 164, 171 (1974); *Becknell v. State*, 720 S.W.2d 526, 528 (Tex. Crim. App. 1986). "Common authority" rests "on mutual use" of property by persons generally having joint access or control for most purposes. *Matlock*, 415 U.S. at 171 n.7.

*C.      Analysis*

Applying the factors set forth above, we hold the areas searched by deputies when seizing the motorcycle frame and the vehicle were not within the curtilage of Riley's residence. *See Dunn*, 480 U.S. at 301. First, the areas searched were not enclosed by a fence or any other signage which would indicate that Riley was attempting to designate the areas as his curtilage. Also, the gravel road where the vehicle was located was visible from the main road, ran the length of the Sonniers' general property, and was used by the property owners to traverse across their property. Lastly, none of the areas searched were intimately tied to Riley's trailer home or were restricted for his access alone. The record includes no evidence that Riley held a reasonable expectation of privacy to the areas searched, or that the areas of search passed into the curtilage of his home.

Moreover, the record reflects the deputies obtained proper consent to search the subject property and Riley held no ownership interest to the property. Although Riley argues the deputies did not first determine whether Riley was a tenant, the record is void of evidence of a landlord-tenant relationship between Riley and the Sonniers.

On this record, we hold the trial court did not abuse its discretion by denying the motion to suppress where law enforcement conducted a valid search obtained after consent of the property owner over areas which Riley held no reasonable expectation of privacy. *See Granados v. State*, 85 S.W.3d 217, 224 (Tex. Crim. App. 2002) (stating guests who stay indefinitely have a reasonable

expectation of privacy, but that expectation is controlled by the owner of the property); *cf. Meridyth v. State*, 163 S.W.3d 305, 309–10 (Tex. App.—El Paso 2005, no pet.) (holding that a farm owner's family member who was living indefinitely on the farm had no reasonable expectation of privacy in the search of a barn on the farm). As such, we need not consider other exceptions to the warrant requirement that may apply. *See* TEX. R. APP. P. 47.1. Riley's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH